# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRISON CAPEL,<br>BROOKE NORMAN,<br>and THE ESTATE OF THOMAS<br>DANIEL CAPEL,<br><br>    Plaintiffs.<br><br>    v.<br><br>LAURA CAPEL,<br><br>    Defendant. | No. 4:18-CV-00918<br><br>(Judge Brann) |

## MEMORANDUM OPINION

### NOVEMBER 14, 2018

Defendant Laura Capel moved to dismiss the complaint filed by Plaintiffs Harrison Capel, Brooke Norman, and the Estate of Thomas Daniel ("Dan") Capel. For the reasons that follow, Laura's motion will be granted.

## I. BACKGROUND

Laura and Dan Capel married in 1999, but separated in 2006.[1] Several years later, on February 5, 2014, the two signed a "Separation & Property Settlement Agreement" to divide the marital property between them and to provide continuing support to Laura.[2] Among other things, the separation agreement indicated that

---

[1] Separation and Property Settlement Agreement (ECF No. 1-1) at 1.

[2] *Id.* ¶¶ 2, 3.

Dan was to pay Laura $3,000 a month for a period of fourteen years; that Laura was to receive half of all "benefits [Dan] receives through his employment with the military/government/Department of Defense"; and that Dan was to name Laura "as a survivor annuitant on [Dan's] military/government retirement benefits."[3]

Laura and Dan apparently never legally divorced. Nevertheless, on April 26, 2014, Dan married Brooke Norman.[4] Just over two years later, on May 28, 2016, Dan passed away.[5]

Dan's death spurred Laura into immediate action. Claiming rights as Dan's wife, she sought possession of his remains; initiated a probate of Dan's estate in the Lycoming County Orphans' Court (where she was appointed executor of Dan's will);[6] and contacted the relevant federal agencies in an effort to obtain Dan's survivor benefits.[7] To solidify her legal footing, she asked a North Carolina state court to declare Dan's marriage to Brooke void and to declare her as Dan's legally surviving spouse.[8]

On May 1, 2018, Harrison Capel (Dan's son; Laura's stepson) and Brooke initiated the above-captioned action against Laura; their nine-count complaint also

---

[3] *Id.* ¶¶ 4, 7.

[4] Complaint (ECF No. 1) ¶ 2.

[5] *Id.* ¶ 2.

[6] *Id.* ¶ 88. This will, which was signed in 2002 (twelve years before the separation agreement was executed), left the bulk of Dan's estate to Laura. ECF No. 9-4.

[7] *Id.* ¶ 102.

[8] ECF No. 9-1 ¶ 19.

names Dan's estate as a plaintiff.[9] Laura moved to dismiss this complaint on August 1, 2018.[10]

## II. DISCUSSION

### A. Standard of Review

When considering a motion to dismiss for failure to state a claim upon which relief may be granted,[11] a court assumes the truth of all factual allegations in the plaintiff's complaint and draws all inferences in favor of that party;[12] the court does not, however, assume the truth of any of the complaint's legal conclusions.[13] If a complaint's factual allegations, so treated, state a claim that is plausible – *i.e.*, if they allow the court to infer the defendant's liability – the motion is denied; if they fail to do so, the motion is granted.[14]

### B. Whether Harrison or Brooke Have Standing to Bring Claims on Behalf of Dan's Estate

Laura argues that all claims brought on behalf of Dan's estate should be dismissed because neither Harrison nor Brooke have standing to bring them.

---

[9] ECF No. 1.

[10] ECF No. 9.

[11] Federal Rule of Civil Procedure 12(b)(6).

[12] *Phillips v. County Of Allegheny*, 515 F.3d 224, 228 (3rd Cir. 2008).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3rd Cir. 2016).

[14] *Id.*

Under Pennsylvania law, "[s]uits by . . . an estate must brought by . . . the personal representative of the estate."[15] Laura, as the executor of Dan's will, is the personal representative of his estate.[16] Therefore, neither Harrison nor Brooke have standing to bring any claims on the estate's behalf. Those claims,[17] then, will be dismissed. Because Plaintiffs have not indicated an intent to challenge Laura's appointment as executor, the dismissal will be with prejudice.

C. **Whether Plaintiffs Have Stated a Claim for Conversion**

Laura argues that Plaintiffs have failed to state a claim for conversion under Federal Rule of Civil Procedure 12(b)(6).

To prevail on their conversion claim, Plaintiffs must show that they had rights in certain property and that Laura interfered with those rights.[18] Although Plaintiffs allege that they "have the right to possess the personal property of Dan Capel,"[19] the only allegedly interfered-with property identified in the complaint is Dan's "survivor and other benefits" that are provided by "several government agencies."[20] As noted above, however, the separation agreement explicitly

---

[15] *Wilkes-Barre General Hospital v. Lesho*, 435 A.2d 1340, 1342 (Pa. Cmmw. Ct. 1981).

[16] 20 Pa. C.S. 102 (defining "personal representative" as "executor or administrator of any description"); ECF No. 9-3 (letter indicating that Laura "was duly and legally appointed as Executrix of the estate of THOMAS DANIEL CAPEL").

[17] Counts I, II, and V as brought on behalf of Dan's estate, and Count VIII in its entirety.

[18] *Stevenson v. Economy Bank of Ambridge*, 413 Pa. 442, 451 (1964).

[19] Complaint ¶ 144.

[20] *Id.* ¶ 146.

authorizes Laura to collect those benefits.[21] This Court, therefore, cannot see how Plaintiffs have any property rights in them with which Laura could have interfered.

Because Plaintiffs have failed to identify any property right with which Laura interfered, Count I will be dismissed. That dismissal, however, will be without prejudice, and Plaintiffs will be granted leave to amend this claim to correct the identified deficiency, if possible.[22]

### D. Whether Plaintiffs Have Stated a Claim for Intentional Interference with Prospective Economic Advantage

Laura argues that Plaintiffs have failed to state a claim for intentional interference with contractual relations under Federal Rule of Civil Procedure 12(b)(6).

To prevail on this claim, Plaintiffs must show that Laura interfered with an existing or prospective contractual relationship between them and a third party.[23] Their complaint alleges, without further specification, that Laura "interfered with

---

[21] Although this Court may not usually consider matters outside the pleadings without converting a motion to dismiss into a motion for summary judgment, it may consider a "document[] integral to or explicitly relied upon in the complaint"—*e.g.*, the separation agreement—without effecting such a conversion. *Angstadt v. Midd-West School. Dist.*, 377 F.3d 338, 342 (3d Cir. 2004).

[22] Plaintiffs' Brief in Opposition cites a 2005 decision of this Court for the proposition that "[f]actual allegations in a complaint—even if 'conclusory'—are sufficient if they allow the defendant to understand the gist of the plaintiff's claim." Plaintiff's Brief in Opposition (ECF No. 12) at 4. Elsewhere, the argues that "Defendant's motion is premised on the flawed notion that allegations are vague or conclusory" and that "[t]hese are not the proper arguments on a motion to dismiss." *Id.* at 13. Plaintiffs are advised to read the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[23] *Brokerage Concepts, Inc. v. U.S. Healthcare, Inc.*, 140 F.3d 494, 530 (3d Cir. 1998).

Plaintiffs' rights" to "certain benefits" that had been identified in the separation agreement.[24] Their brief in opposition explains that this language is intended to refer to Dan's "various life insurance policies, survivor benefits, and other end-of-life contracts."[25]

As noted above, the separation agreement gave Laura the right to claim Dan's survivor benefits; it also required Dan to obtain life insurance and name Laura as beneficiary.[26] Consequently, this Court cannot see how Laura could have interfered with the benefits provided by those policies, since those benefits seem to be rightfully hers. Further, all of these "end-of-life contracts" would have been made between *Dan* and a third-party—not between *Plaintiffs* and a third party.

Because Plaintiffs have failed to identify a contractual relationship interfered with by Laura, Count II will be dismissed. That dismissal, however, will be without prejudice, and Plaintiffs will be granted leave to amend this claim to correct the identified deficiency, if possible.

### E. Whether Plaintiffs Have Stated a Claim for Fraud or Negligent Misrepresentation

Laura argues that Plaintiffs have failed to state a claim for fraud or negligent misrepresentation under Federal Rule of Civil Procedure 12(b)(6).

---

[24] Complaint ¶¶ 152-53.
[25] Plaintiff's Brief in Opposition at 10.
[26] Separation Agreement ¶ 7.

To prevail on their claims for fraud and negligent misrepresentation, Plaintiffs must show that they justifiably and detrimentally relied on a false statement made[27]—or material fact omitted[28]—by Laura.

In Counts III and IV of their complaint, Plaintiffs allege that Laura falsely told Brooke that Laura and Dan were divorced, or alternatively, failed to tell Brooke that Laura and Dan were *not* divorced, and that this conduct somehow resulted in Dan continuing to make the monthly $3,000 payments to Laura.[29] This Court, however, fails to see the causal connection between Laura's statements (or omissions) and Dan's continued support to Laura—*i.e.*, it fails to see how Plaintiffs could have relied on Laura's behavior to their *detriment*. Those monthly checks, after all, were contractually obligated by the separation agreement. Counts III and IV, therefore, will be dismissed. That dismissal, however, will be without prejudice, and Plaintiffs will be granted leave to amend these claims to correct the identified deficiencies, if possible.

In Count V, Plaintiffs allege that Laura "made false representations and withheld material facts to various government agencies," and that Plaintiffs "have taken action in reliance on these false statements and material omissions to their

---

[27] *Bouriez v. Carnegie Mellon University*, 585 F.3d 765, 771 (3d Cir. 2009) (fraud); *Bortz v. Noon*, 556 Pa. 489, 501 (1999) (negligent misrepresentation).

[28] *Duquense Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 611 (3d Cir. 1995).

[29] Complaint ¶¶ 157, 161, 167-68.

detriment."[30] This "[t]hreadbare recital[] of the elements of"[31] fraud is insufficient to satisfy Federal Rule of Civil Procedure 8(a)(2), let alone the heightened pleading standard for fraud under Rule 9(b). Not only have Plaintiffs failed to allege how they relied on Laura's misrepresentations to their detriment, but they have also failed to identify what misrepresentations, exactly, were made by Laura to the "various government agencies." Count V, therefore, will be dismissed. That dismissal, however, will be without prejudice, and Plaintiffs will be granted leave to amend this claim to correct the identified deficiency, if possible.

### F. Whether Plaintiffs Have Stated a Claim for Defamation or Defamation Per Se

Laura argues that Plaintiffs have failed to state a claim for defamation or defamation per se.

To prevail on her claim for defamation, Brooke must show that Laura made a defamatory statement.[32] In Count VI of the complaint, Brooke alleges that Laura "has made numerous false and unprivileged statements" that "accuse [Brooke] of behavior that is odious, infamous, and ridiculous."[33] The complaint, however, does not identify what those statements were. In her brief, Brooke notes that Laura

---

[30] Complaint ¶ 176.

[31] *Ashcroft v. Iqbal*, 556 U.S 662, 678 (2009).

[32] 42 Pa. C.S. § 8343(a)(1).

[33] Complaint ¶¶ 181, 183.

allegedly accused Brooke of "trying to steal"[34] Dan and of "just pretending to be with"[35] him, and argues that these alleged accusations "impute serious sexual misconduct" to Brooke. Read in context, however, the only thing Laura accused Brooke of "stealing" were Dan's remains. Further, by accusing Brooke of "just *pretending* to be with" Dan, Laura would have been suggesting the exact *opposite* of "serious sexual misconduct"—*i.e.*, would have been suggesting that Brooke was *lying* when she claimed to be having a relationship with Dan.

Because Brooke has failed identify a defamatory statement made by Laura, Count VI will be dismissed. That dismissal, however, will be without prejudice, and Brooke will be granted leave to amend this to correct the identified deficiency, if possible.

### G. Whether Brooke Has Stated a Claim for Equitable Estoppel

Laura argues that Brooke's claim for equitable estoppel should be dismissed, because it is not a proper cause of action. This Court agrees,[36] and will therefore dismiss Count VII with prejudice.

---

[34] *Id.* ¶ 137.

[35] *Id.* ¶ 212.

[36] *See Carlson v. Arnot-Ogden Memorial Hosp.*, 918 F.2d 411, 416 (3d Cir. 1990) ("Equitable estoppel is not a separate cause of action. It may be raised either as an affirmative defense or as grounds to prevent the defendant from raising a particular defense.").

### H. Whether Brooke Has Stated a Claim for Intentional Infliction of Emotional Distress

Laura argues that Brooke has failed to state a claim for intentional infliction of emotional distress.

To prevail on her IIED claim, Brooke must show that Laura did something "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society."[37] In support, Brooke points to the complaint's allegations of Laura's behavior in the wake of Dan's death—specifically, Laura's request for Dan's remains and her immediate assertion of her rights as the allegedly surviving spouse.[38]

While some may view Laura's actions as distasteful, this Court holds, as a matter of law, that the conduct alleged was not sufficiently egregious as to support a claim for intentional infliction of emotional distress; Count IX, therefore, will be dismissed. That dismissal, however, will be without prejudice, and Brooke will be granted leave to amend this claim to correct the identified deficiency, if possible.

### III. CONCLUSION

For the reasons discussed above, all claims brought on behalf of the Estate of Dan Capel will be dismissed with prejudice, as will Brooke's claim for equitable

---

[37] *Hoy v. Angelone*, 554 Pa. 134, 151 (1998).

[38] Plaintiff's Brief in Opposition at 13.

estoppel. All other claims will be dismissed without prejudice, and Plaintiffs may amend their complaint to correct deficiencies identified above, if possible. An appropriate order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge