# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRISON CAPEL and BROOKE NORMAN, | No. 4:18-CV-00918 |
| Plaintiffs, | (Judge Brann) |
| v. | |
| LAURA CAPEL, | |
| Defendant. | |

## MEMORANDUM OPINION

**FEBRUARY 22, 2019**

Defendant Laura Capel moved to dismiss Plaintiffs' Amended Complaint. That motion will be granted.

## Background

The Court laid out the underlying (alleged) facts in this case in its November 14, 2018 Memorandum Opinion,[1] and will not do so again here. It is enough to note that the previous opinion dismissed Plaintiffs' Complaint in its entirety but granted leave to amend. To that end, Harrison Capel and Brooke Norman filed an Amended Complaint on November 21, 2018.[2]

---

[1] ECF No. 18.

[2] ECF No. 20.

**Discussion**

Whether Plaintiffs Have Stated a Claim for Conversion

Laura[3] argues that Plaintiffs' Amended Complaint fails to state a claim for conversion.

To prevail on this claim, Plaintiffs must show that they had rights in certain property and that Laura interfered with those rights.[4] It is insufficient, however, for Plaintiffs to show some minor interference with their property rights; rather, Plaintiffs must demonstrate a "serious, major, and important interference[] with the[ir] right to control [their property]," such that it would be "just[]" to require Laura to compensate Plaintiffs for the "full value" of the property.[5]

---

[3] As in its previous opinion, the Court will refer to the parties by their first names.

[4] *Stevenson v. Economy Bank of Ambridge*, 413 Pa. 442, 451 (1964).

[5] *PTSI, Inc. v. Haley*, 71 A.3d 304, 314 (Pa. Super. Ct. 2013) (quoting Restatement (Second) of Torts § 222A cmts. c and d (Am. Law Inst. 1965)).

When deciding an issue of Pennsylvania law, this Court must predict how the Pennsylvania Supreme Court would rule on the question at hand. *Buczek v. Continental Cas. Ins. Co.*, 378 F.3d 284, 288 n.2 (3rd Cir. 2004). Although an early decision of the Pennsylvania Supreme Court seems to suggest that a defendant could convert property by briefly denying a plaintiff access to it, *Stevenson v. Economy Bank of Ambridge*, 413 Pa. 442 (1964), a later decision of that court cited directly to Section 222A of the Second Restatement of Torts, which establishes the principle that there must be a "serious, major, and important interference[]" with plaintiff's property in order for the tort of conversion to lie, *Martin v. National Sur. Corp.*, 437 Pa. 159, 165 (1970). The Pennsylvania Superior Court has adopted this "serious interference" rule, *see, e.g.*, *White Sand Research, LLC v. Sehn*, 2018 WL 2728847 (Pa. Super. Ct. June 7, 2018), as have several United States District Courts interpreting Pennsylvania law, *see, e.g.*, *Deitrick v. Costa*, 2015 WL 1606641 (M.D. Pa. Apr. 9, 2015) at *16; *Bell v. Money Resource Corp.*, 2009 WL 382478 at *4 (E.D. Pa. Feb. 13, 2009). This Court predicts that the Pennsylvania Supreme Court will adopt it as well. *See Nationwide Mut. Ins. Co. v. Buffetta*, 230 F.3d 634, 637 (3rd Cir. 2000) (noting that, when predicting how a state supreme court would rule on an issue of state law, "the opinions of intermediate appellate state courts are not to be disregarded by a

In their brief opposing Laura's motion to dismiss, Plaintiffs indicate that their conversion claim is based upon Laura's alleged interference with certain life insurance proceeds owed to Harrison.[6] Specifically, Plaintiffs allege that Laura "lied" to the policy provider after Dan's death in an attempt to have the policy proceeds paid to Dan's estate instead of to Harrison (the named beneficiary of the policy), and that Laura's actions "prevented Harrison Capel from obtaining immediate access" to the funds.[7]

Even reading these allegations in the light most favorable to Plaintiffs, this Court must conclude that Plaintiffs have failed to allege the requisite "serious, major, and important interference" with their property as required under Pennsylvania law. Plaintiffs' complaint only alleges that Laura's actions prevented Harrison from "immediate[ly]" obtaining the money, and their brief reinforces the idea that Harrison's deprivation was fleeting—and that, in fact, he received the proceeds in a relatively timely fashion—by arguing that a *de minimis* interference with those proceeds is actionable.[8] Because this alleged conduct on the part of Laura is not actionable as conversion under Pennsylvania law, the conversion claim in Plaintiffs'

---

federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise").

[6] Plaintiffs' Brief in Opposition 15-18 (ECF No. 26).
[7] Amended Complaint ¶¶ 10-11.
[8] Plaintiffs' Brief in Opposition 16-17.

Amended Complaint (Count I) will be dismissed. And because this is Plaintiffs' second failure to successfully plead this claim, the Court finds that further amendment would be inequitable and futile and will dismiss that claim with prejudice.[9]

### Whether Plaintiffs Have Stated a Claim for Intentional Interference with Contractual Relations

Laura argues that Plaintiffs' Amended Complaint fails to state a claim for intentional interference with contractual relations.[10]

To prevail on this claim, Plaintiffs must show that Laura's conduct caused them to suffer "the pecuniary loss of the benefits of [some] contract" between them and a third party. In their brief, Plaintiffs indicate that this claim, like their conversion claim, is based upon Harrison's inability to obtain Dan's life insurance proceeds "immediate[ly]."[11] There is no indication, however, that the slight delay in the disbursement of the proceeds violated any provision in the life insurance

---

[9] *Alston v. Parker*, 363 F.3d 229, 234 n.7 (3rd Cir. 2004) ("dismissals with prejudice may be appropriate where a . . . repleading does not remedy [a previous] Rule 8 violation.")

[10] In their Amended Complaint, Plaintiffs frame this claims as one for intentional interference with a *prospective* contractual relationship. Amended Complaint ¶¶ 178-83. It is clear, however, that Plaintiffs are actually alleging that Laura interfered with an *existing* contract—*i.e.*, the life insurance contract Dan had with the provider, of which Harrison was the beneficiary.

[11] Plaintiffs' Brief in Opposition 18-19.

4

contract itself.¹² Therefore, Plaintiffs have failed to allege that Dan lost any benefit to which he was entitled, and the tortious interference claim in Plaintiff's Amended Complaint (Count II) will be dismissed. And because this is Plaintiffs' second failure to successfully plead this claim, the Court finds that further amendment would be inequitable and futile and will dismiss that claim with prejudice.¹³

### Whether Plaintiffs Have Stated a Claim for Fraudulent or Negligent Misrepresentation

Laura argues that Plaintiffs' Amended Complaint fails to state a claim for fraudulent or negligent misrepresentation.

To prevail on either of these fraud-based claims, Plaintiffs must show that they justifiably and detrimentally relied on a false statement made¹⁴—or material fact omitted¹⁵—by Laura. In their brief, Plaintiffs indicate that their fraud-based claims are based on Laura's alleged representation "to forever treat Dan as though [he] w[as] 'single and unmarried,' pursuant to the" Separation Agreement.¹⁶ This Court, however, fails to see the causal connection between this statement by Laura

---

¹² *See Al Hamilton Contracting Co. v. Cowder*, 644 A.2d 188, 191 (Pa. Super. Ct. 1994) ("a cause of action will not stand unless there has been some act by the defendant which served to deprive the plaintiff of some benefit to which he was entitled by contract").

¹³ *Alston v. Parker*, 363 F.3d 229, 234 n.7 (3rd Cir. 2004) ("dismissals with prejudice may be appropriate where a . . . repleading does not remedy [a previous] Rule 8 violation.")

¹⁴ *Bouriez v. Carnegie Mellon University*, 585 F.3d 765, 771 (3d Cir. 2009) (fraud); *Bortz v. Noon*, 556 Pa. 489, 501 (1999) (negligent misrepresentation).

¹⁵ *Duquense Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 611 (3d Cir. 1995).

¹⁶ Plaintiffs' Brief in Opposition 8.

and the loss claimed by Plaintiffs (which Plaintiffs now contend is the contributions Brooke made to Dan's $3,000 monthly payments to Laura)—*i.e.*, it fails to see how Plaintiffs could have justifiably relied on Laura's promise to their *detriment*. There is no allegation, after all, that Laura broke this promise while Dan was living, such that Dan (and, by extension, Brooke) failed to get the benefit of the Separation Agreement bargain.

Therefore, Plaintiffs' fraudulent misrepresentation and negligent misrepresentation claims (Counts III and IV) will be dismissed. And because this is Plaintiffs' second failure to successfully plead these claims, the Court finds that further amendment would be inequitable and futile, and will dismiss those claims with prejudice.[17]

### Whether Plaintiffs Should Be Permitted to Amend Their Complaint to Raise a Claim for Unjust Enrichment

Plaintiffs argue that, if this Court dismisses their claims for fraudulent and negligent misrepresentation, they should be allowed to amend their complaint again in order to state a claim for unjust enrichment. The proposed claim, as explained by Plaintiffs in their brief, would seek to recover the money paid in $3,000 monthly

---

[17] *Alston v. Parker*, 363 F.3d 229, 234 n.7 (3rd Cir. 2004) ("dismissals with prejudice may be appropriate where a . . . repleading does not remedy [a previous] Rule 8 violation.")

6

installments by Dan (and, by extension, Brooke) to Laura, due to Laura's alleged breach of her Separation Agreement promise to leave Dan "free from interference."[18]

As an initial matter, the proposed claim would fail due to the fact that the payments were made pursuant to an existing contract between Dan and Laura.[19] Additionally, Plaintiffs would be unable to show that Laura received the monthly payments "under such circumstances that it would be inequitable for [her] to retain the benefit without payment of value,"[20] since, as explained above, there is no allegation that Laura in fact interfered with Dan in any way while he was alive such that he should not have been required to make the monthly payments.[21]

Therefore, Plaintiffs' request to file another amended complaint in order to raise this claim will be denied.

### Whether Plaintiffs Have Stated a Claim for Common Law Fraud

This Court previously dismissed Plaintiffs' common law fraud claim for failure to satisfy Federal Rules of Civil Procedure 8(a)(2) and 9(b). Plaintiffs have

---

[18] Plaintiff's Brief in Opposition 19-21.

[19] *Wilson Area School Dist. v. Skepton*, 586 Pa. 513, 520 (2006) ("[T]he doctrine of unjust enrichment is inapplicable when the relationship between [the] parties is founded upon a written agreement or express contract, regardless of how harsh the provisions of such contracts may seem in the light of subsequent happenings.").

[20] *Mitchell v. Moore*, 729 A.2d 1200, 1203 (Pa. Super. Ct. 1999).

[21] Plaintiffs also suggest that the unjust enrichment claim would be based in part on Laura's attempt to control Dan's remains after his death. They fail to explain, however, how such actions enriched Laura at Plaintiffs' expense. *See Mitchell*, 729 A.2d at 1203 (explaining that an unjust enrichment claim requires a showing of "benefits conferred on defendant by plaintiff").

not added any factual allegations under "Count V: Common Law Fraud" in their Amended Complaint, nor have they explained in their brief why this claim should not be dismissed again for failure to satisfy the required pleading standards. Therefore, this claim (Count V) will be dismissed—this time, with prejudice.[22]

Whether Plaintiffs Have Stated a
Claim for Defamation or Defamation Per Se

Laura argues that Plaintiffs' Amended Complaint fails to state a claim for defamation or defamation per se.

As an initial matter, Plaintiffs' claim for ordinary defamation fails because it does not allege any specific pecuniary harm caused by any of Laura's statements.[23] Regarding the claim for defamation per se, Plaintiffs allege that Laura "has told persons in Washington, D.C., that [Brooke was] a 'pretend' wife of Dan."[24] This

---

[22] *Alston v. Parker*, 363 F.3d 229, 234 n.7 (3rd Cir. 2004) ("dismissals with prejudice may be appropriate where a . . . repleading does not remedy [a previous] Rule 8 violation.")

[23] *See Pennoyer v. Marriott Hotel Services, Inc.*, 324 F. Supp. 2d 614, 618 (E.D. Pa. 2004) (indicating that, to sustain a defamation claim, a plaintiff must show "actual damages which are economic or pecuniary losses"). Although Plaintiffs argue that Laura's alleged statements were made to "people who serve as character witnesses for [Brooke] during the security clearance process, and people whose judgment of [Brooke] determines the course of her future employment", Amended Complaint ¶ 155, Plaintiffs have not alleged, *e.g.*, that Brooke lost a job or failed to obtain a specific job because of Laura's actions.

[24] Amended Complaint ¶ 151.

Court, however, fails to see how this statement "impute[d] . . . serious sexual misconduct"[25] to Brooke, as Plaintiffs argue it does.[26]

Therefore, Plaintiffs' defamation claim (Count VI) will be dismissed. And because this is Plaintiffs' second failure to successfully plead this claim, the Court finds that further amendment would be inequitable and futile, and the dismissal will be with prejudice.[27]

<u>Whether Plaintiffs Have a Stated a Claim
for Intentional Infliction of Emotional Distress</u>

Laura argues that Plaintiffs' Amended Complaint fails to state a claim for intentional infliction of emotional distress.

To prevail on this IIED claim, Plaintiffs must show that Laura did something "so outrageous in character, and so extreme in degree, as to go beyond all possible

---

[25] *Rose v. Dowd*, 265 F. Supp. 3d 525, 531 (E.D. Pa. 2017).

[26] *Cf. Mallory v. S & S Publishers*, 168 F. Supp. 3d 760, 775-76 (E.D. Pa. 2016) (discussing cases where a plaintiff had successfully alleged a defamation per se claim by alleging that the defendant called plaintiff a "slut," the "queen of sluts," and a "whore").

Plaintiffs' Amended Complaint alleges that Laura's labelling of Brooke as a "pretend" wife was a roundabout way of accusing her of adultery and bigamy. Amended Complaint ¶ 151 ("[Laura] was saying that [Brooke] was living with and having sex with a man she knew was married. Not only is this egregious allegation of sexual misconduct offensive in its own right, but the statement also says that Ms. Norman was holding herself out as Dan Capel's wife and engaging in bigamy.") This Court fails to draw the same attenuated implications from Laura's alleged statement, and need not credit Plaintiffs' allegations as to those implications. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3rd Cir. 2016) ("some allegations, while not stating ultimate legal conclusions, are nevertheless so . . . speculative that they fail to cross the line between the conclusory and the factual").

[27] *Alston v. Parker*, 363 F.3d 229, 234 n.7 (3rd Cir. 2004) ("dismissals with prejudice may be appropriate where a . . . repleading does not remedy [a previous] Rule 8 violation.")

bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society."[28] Plaintiffs point to Laura's alleged actions in the wake of Dan's death—specifically, her decision to sue Brooke in a North Carolina court and her conduct probating Dan's estate.[29] But once again, even if Laura's actions could be considered distasteful, they are not, as a matter of law, sufficiently egregious as to support the IIED claim.

Therefore, Plaintiffs' intentional infliction of emotional distress claim (Count IX) will be dismissed. And because this is Plaintiffs' second failure to successfully plead this claim, the Court finds that further amendment would be inequitable and futile, and the dismissal will be with prejudice.[30]

## Conclusion

For the reasons stated above, all claims in Plaintiffs' Amended Complaint will be dismissed with prejudice. An appropriate order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[28] *Hoy v. Angelone*, 554 Pa. 134, 151 (1998).

[29] Brief in Opposition at 14-15.

[30] *Alston v. Parker*, 363 F.3d 229, 234 n.7 (3rd Cir. 2004) ("dismissals with prejudice may be appropriate where a . . . repleading does not remedy [a previous] Rule 8 violation.")